**SO ORDERED.**

**SIGNED this 17 day of May, 2006.**



_____
A. Thomas Small
United States Bankruptcy Judge

_____

```
              UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF NORTH CAROLINA
                    RALEIGH DIVISION


IN RE:                              CASE NO.

ANDREA GAYE ENNS                    05-02434-5-ATS

     DEBTOR


BRAD ENNS AND
SUSAN SCHERF ENNS
                                    ADVERSARY PROCEEDING NO.
     Plaintiffs
                                    S-05-00141-5-AP
     v.

ANDREA GAYE ENNS

     Defendant.
```

**ORDER ALLOWING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
AND DISMISSING DISCOVERY MOTIONS AS MOOT**

The matters before the court are the motion for summary judgment filed by the defendant, Andrea Gaye Enns, the response of the plaintiffs, which was treated as a cross-motion for summary judgment, and various discovery motions. A telephonic hearing took place on

April 13, 2006, and a further hearing took place in Raleigh, North Carolina on May 9, 2006.

Andrea Gaye Enns filed a petition for relief under chapter 7 of the Bankruptcy Code on June 10, 2005.  On September 2, 2005, the pro se plaintiffs, Brad Enns and Susan Scherf Enns, filed the complaint in this adversary proceeding contending that the debtor wrongfully removed household goods from their home.  The plaintiffs seek recovery of the goods or compensation in the amount of $30,000.  The debtor filed a motion for summary judgment and supporting affidavits, which essentially established the following facts:

On December 29, 2004, Mortgage Electronic Registration Systems ("MERS") foreclosed on the plaintiffs' property located at 5420 Live Oak Trail, Raleigh, North Carolina.  MERS was the successful bidder and the foreclosure bid was subsequently assigned to Federal Home Loan Mortgage Corporation ("FHLMC").  On January 4, 2005, FHLMC sent the plaintiffs a letter offering them cash in exchange for their removal of their personal property and turnover of the keys within ten days.  The plaintiffs failed to respond to the letter, and on January 18, 2005, FHLMC issued a notice to vacate.  On February 11, 2005, an application for writ of possession was filed, and a writ of possession was subsequently issued.  The Wake County Sheriff served the writ of possession on February 21, 2005.

The plaintiffs failed to respond to any of the notices, and did not remove their property. On March 6, 2005, the debtor was allowed access to the property by agents of FHLMC, and she removed personal property from the premises.

The plaintiffs submitted an affidavit contending that they did not receive the notices related to the foreclosure and writ of possession, that they did not abandon the real property, and that as late as March 4, 2005, they were attempting to sell the real property to a third party. The plaintiffs further contend that when they reached agents of FHLMC on March 7, 2005, they were told that no one other than the debtor was allowed in the property except for the plaintiffs, and that the plaintiffs' written approval was required before FHLMC would permit the plaintiffs' friend from entering the property. The plaintiffs contend that it was inconsistent for FHLMC to allow the debtor onto the property, while insisting that written approval was required for any other person to gain access.[1] The plaintiffs also attached to their affidavit a letter written by the debtor to the North Carolina Real Estate Commission (in response to a complaint by the plaintiffs) in which the debtor explained that she obtained the personal property from the residence with the permission of the agent for FHLMC.

---

[1] Though the plaintiffs were the only individuals listed on the deed to the property, the debtor and Mr. Enns are the obligors under the deed of trust. FHLMC's agent's affidavit suggests that access was allowed for those named on the deed of trust.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party.  United States v. Diebold, Inc., 369 U.S. 654, 82 S. Ct. 993 (1962).  Summary judgment should not be granted unless the moving party establishes his right to judgment "with such clarity as to leave no room for controversy." Portis v. Folk Constr. Co., 694 F.2d 520, 522 (8th Cir. 1982).

The plaintiffs seek to recover property or payment for property that they contend was taken from them prepetition.  The debt, if any, is a prepetition debt that is discharged unless it falls within an exception to discharge under 11 U.S.C. § 523(a).  The plaintiffs contend that the property was stolen from them, which would make the debt nondischargeable pursuant to § 523(a)(4), which excepts from discharge a debt for larceny.  However, all of the evidence shows that the debtor took possession of the property only with the permission of the agent of FHLMC, which was in lawful custody of the property at the time.  The plaintiffs' affidavit fails to create a disputed issue of

4

material fact as to whether the debtor obtained the property through larceny.

Because there is no disputed issue of material fact that could render the debt nondischargeable, entry of summary judgment in favor of the defendant is appropriate without the need to reach the question of whether the debtor was entitled to receive possession of the property from FHLMC. Nonetheless, the court will address this issue.

The debtor relies on the North Carolina foreclosure statutes to establish that 10 days after the writ of possession was served, FHLMC had the right to throw away, dispose of or sell the personal property within the premises. See N.C. Gen. Stat. §§ 45-21.29, 42-25.9(g). The term "dispose of" has been interpreted to include more than the power to sell, and means "to transfer into new hands or to the control of someone else: relinquish." See Hill v. Summer, 132 U.S. 118, 124-25, 10 S. Ct. 42 (1889); Roberts v. First Citizens Bank and Trust, 124 N.C. App. 713, 478 S.E.2d 809 (1996) (adopting definition found in Webster's Third International Dictionary 654 (1968)). Because the agent of FHLMC had the right to dispose of the property, when she gave the debtor permission to remove personal property from the real property, she transferred both title and lawful possession of the personal property to the debtor.

The court agrees with the debtor that FHLMC followed the guidelines set forth in the statute after the foreclosure sale and had

5

the right to transfer the personal property to the debtor.  Though the plaintiffs deny having received notices related to the foreclosure and the writ of possession, the plaintiffs contend that their realtor was in communication with FHLMC as late as March 2005 trying to sell the property on behalf of the plaintiffs.  FHLMC's agent's affidavit establishes that she repeatedly explained to the plaintiffs' realtor that the property had been foreclosed and that the plaintiffs no longer retained any ownership rights.  The plaintiffs' contention that they did not receive notice does not, in this case, create a disputed issue of fact that would change the result of this adversary proceeding.

Based on the foregoing, the court will enter summary judgment in favor of the defendant.  The defendant has shown that there is no disputed issue of material fact and that she is entitled to judgment as a matter of law, as there are no facts in evidence that would make any debt owed to the plaintiffs nondischargeable.  Because the plaintiffs have not provided any evidence that would support entry of judgment in their favor, the cross-motion for summary judgment will be denied.

There are several discovery motions also pending, including the plaintiffs' motion to conduct a deposition of the debtor by telephone, the defendants' motion for a protective order, and the plaintiffs' motion to compel discovery.  Because summary judgment will be entered in favor of the debtor, the discovery motions will be dismissed as moot.

The debtor's motion for summary judgment is **ALLOWED**. The plaintiffs' cross-motion for summary judgment is **DENIED**. The plaintiffs' motion to conduct a deposition of the debtor by telephone, the defendants' motion for a protective order, and the plaintiffs' motion to compel discovery are **DISMISSED AS MOOT**. A separate judgment will be entered.

    **SO ORDERED.**

**END OF DOCUMENT**